## 15670. DECATUR COUNTY *et al. v.* ROBERTS.

The contract of employment under which the plaintiff sought out, for the county, unreturned property subject to taxes, with the result that taxes were collected thereon, was not illegal for any reason assigned.

The county cannot, in good conscience or in law, retain the fruits of such employment and deny its authority to pay for the services rendered.

DECIDED OCTOBER 7, 1924.

Complaint; from Decatur superior court—Judge Eve presiding. May 12, 1924.

Certiorari was granted by the Supreme Court.

*H. G. Bell,* for plaintiffs in error. *T. S. Hawes,* contra.

LUKE, J. 1. Decatur County, by and through its board of commissioners of roads and revenues, employed Roberts to seek out, at his own expense, unreturned property subject to taxes, and for all taxes received by the county from such hidden and unreturned property he was to receive for his services a sum equal to twenty-five per cent. of the amount collected and paid by him to the board as the property of Decatur County. The contract of employment was duly entered on the minutes of the board. Under the terms of employment he went to work and succeeded in collecting money for the county on property that had not been returned for taxes for years prior to the year of employment, and the money collected, which was due the county, but unknown to the county, and only known by reason of the employment, labor and services of Roberts, was paid to the board of commissioners of roads and revenues; and, in violation of the terms of employment, with yet the fruits of Roberts' service in its hand, Decatur County refused to pay him for his services. Roberts sued, and, because of the judgment he obtained, this case is here for review.

1. The county demurred to the suit, upon the ground that the employment was in violation of law, especially because of the act of 1913 (Ga. L. 1913, p. 126; Park's Code, § 1116(j)). The court properly overruled the demurrer. Under the statute referred to, the "board of county tax-assessors" may employ an agent to seek out unreturned property and pay a commission for such service. This provision of the law does not prohibit the board of commissioners of roads and revenues of Decatur County from discovering for Decatur County other and additional property subject to tax which has

been discovered by the "board of county tax-assessors," or its agent, if any such agent be employed.

2. Where money has been collected and paid to the county by reason of and only because of such employment, the county cannot, in good conscience or in law, retain the fruits of the employment and deny its authority to pay for the services rendered.

3. The employment of Roberts was not illegal for any reason pointed out. See act creating board of commissioners of roads and revenues of Decatur County (Ga. L. 1904, p. 252); *Cloud* v. *County of Taliaferro*, 138 *Ga.* 214 (74 S. E. 1074); *Wright* v. *Floyd County*, 1 *Ga. App.* 582 (58 S. E. 72). For no reason pointed out did the trial judge, to whom the case was submitted by agreement, err in rendering judgment in favor of the plaintiff.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*